IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>COURTNEY MILLS,<br><br>Defendant. | Case No. CR10-2048<br><br>ORDER FOR PRETRIAL DETENTION |

On the 29th day of October, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Robert L. Teig. The Defendant appeared personally and was represented by his attorney, Michael M. Lindeman.

RELEVANT FACTS

On October 19, 2010, Defendant Courtney Mills was charged by Indictment (docket number 2) with being an illegal drug user in possession of a firearm. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on December 27, 2010.

Waterloo Police Officer David A. McFarland testified regarding the circumstances underlying the instant charge. On December 27, 2009, a police officer passed a beige Monte Carlo going the other direction. The officer thought he recognized the driver as an escapee from a halfway house. The officer stopped the vehicle. Defendant was the driver of the vehicle. The officer approached the car and asked Defendant for his identification. The officer could smell marijuana coming from the vehicle. The officer called in additional units for assistance.

1

The officers asked Defendant and the passenger, Steven Parker, to exit the vehicle. Both admitted smoking marijuana at Defendant's house prior to the traffic stop. Defendant denied that there was any marijuana in the car. Officers searched the vehicle and found a small amount of "loose" marijuana on the dash. Officers asked Defendant for the key to the glove box. Defendant told the officers that he didn't have a key and the glove box was broken. An officer pried the glove box open slightly and saw a baggie. While Defendant and Parker were being arrested, the key to the glove box fell out of Defendant's pant leg. The officer opened the glove box and found a baggie of marijuana and a loaded 9mm Beretta handgun. The gun had been stolen 10 days earlier, and Defendant purchased it from Martez Jones for $200. Defendant stated that he got the ammunition from another person and loaded the gun himself. According to Defendant, he normally carried the gun on his person. Officers also found emery paper on Defendant's person. Defendant admitted that he was trying to scratch the serial number off of the handgun with the emery paper.

On June 5, 2010, Defendant was involved in another vehicle stop. This time Defendant was the passenger and Parker was the driver. Officers searched the vehicle and found a 9mm handgun in the center console. Officers also found a revolver in the grass next to the car. Defendant admitted that the revolver found in the grass belonged to him. The pretrial services report states that Defendant's urine sample taken following his arrest on June 5 tested positive for marijuana.

According to the pretrial services report, Defendant is 22 years old, has never been married, and is the father of two children with two different women. One child is three years old and the other child is three months old. Both children reside with their respective mothers in Waterloo, Iowa. The mother of the three-year-old child is pregnant with Defendant's third child.

Defendant was born in Chicago, Illinois, and moved to Waterloo when he was five years old. Defendant's mother, older brother, and five younger sisters live in Waterloo. Defendant also has an older brother who lives in Cedar Rapids, Iowa.

Defendant told the pretrial services officer that he has been self-employed for the past three years doing various cleaning jobs in the Waterloo area. His mother testified that he has been unemployed for the past six months "or something." Defendant is also a full-time student at Hawkeye Community College. At school, he is studying collision repair.

Defendant is in good physical health. He reports no present or past history of mental or emotional health concerns. According to Defendant, he consumes alcohol two times per month. His last alcohol use was three days prior to his arrest. Defendant also reports that he has used marijuana three times per month since he was seventeen years old. His last use was three days prior to his arrest.

Defendant has only a limited number of prior convictions. On June 12, 2007, Defendant was charged and later convicted of disorderly conduct in Black Hawk County, Iowa. He was ordered to pay a $65 fine. On August 6, 2008, Defendant was charged and later convicted of assault. He was ordered to pay a $65 fine.

The circumstances underlying the instant federal charge occurred on December 27, 2009. Defendant was charged in state court with second degree theft, carrying weapons, and possession of marijuana. He was also charged in a separate file with interference with official acts. These matters remain pending in state court. On June 5, 2010, following the incident described above, Defendant was charged with carrying weapons. That charge also remains pending in state court.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a felon in possession of a firearm and ammunition, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v.*

*Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with being an illegal drug user in possession of a firearm. The weight of the evidence against Defendant is strong. On December 27, 2009, Defendant was involved in a traffic stop in which a search of the vehicle he was driving, uncovered a loaded 9mm handgun and a baggie of marijuana. Defendant admitted purchasing the gun for $200, purchasing the ammunition, and loading the gun. Police officers also found emery paper, and Defendant admitted trying to scratch the serial number off the gun. Defendant also admitted that prior to the traffic stop, he had been smoking marijuana at his house.

Five months later, while state charges following the December 27 incident were pending, Defendant was involved in another traffic stop where police officers found two handguns. Defendant admitted ownership of one of the guns and tested positive for marijuana use. He was charged with carrying weapons.

5

Four months later, while both state charges were pending, Defendant admitted to the pretrial services officer that he was continuing to use marijuana. Due to the nature of the offense charged and Defendant's repeated possession of firearms and use of marijuana while state charges are pending, the Court finds that Defendant poses a danger to the community. Using drugs while in possession of a handgun is a dangerous combination. The Court has no confidence that Defendant would comply with any terms or conditions which it may impose for his release. Therefore, Defendant will be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (October 25, 2010) to the filing of this Ruling (November 1, 2010) shall be excluded in computing the time

within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 1st day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA